UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20403-Civ-COOKE/GOODMAN

BLUEPRINT IP SOLUTIONS LLC,

    Plaintiff,

vs.

BANKUNITED, INC.,

    Defendant.

_____/

**ORDER OF REFERRAL AND
ORDER REGARDING COURT PRACTICES AND PROCEDURES**

THIS MATTER comes before the Court on the filing of the Complaint. The Court has reviewed the Complaint. To efficiently, expeditiously, and economically resolve this dispute, it is **ORDERED** as follows:

**I.    COUNSEL TO MEET AND FILE JOINT SCHEDULING REPORT**

    1.    Plaintiff will forward a copy of this Order to all defendants, upon notice of appearance of defense counsel.

    2.    Discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules (effective December 1, 2014), except that the deadlines under Local Rules 16.1 (d), (e), (h), (j), and (k), may be modified by further order of the Court.

    3.    In addition to complying with Local Rule 5.1, any motion and accompanying memorandum of law *will not exceed a combined length of twenty pages*, all non-dispositive motions *must be accompanied by a proposed order*, and all motions, memoranda of law, proposed orders, and other documents created for the Court's review *will be uploaded from a PDF document created within MS Word* (and *not* from a scanned PDF document). Finally, motions, memoranda of law, proposed orders, and other documents created for the Court's review *must adhere to the following specifications*:

        a.    12 pt. Calisto MT font;

        b.    One inch margins on all sides;

  c. 1/2 inch tab setting;

  d. 1.5 Line Spacing;

  e. Full Justified;

  f. Conforming to the exemplar order at *Attachment E* to this Order;

  g. Filed electronically with the corresponding motion; and

  h. In the case of proposed orders, e-mailed as a Microsoft Word (.doc) document to cooke@flsd.uscourts.gov. The subject line of the e-mail will include: (i) <u>case number</u>, (ii) <u>case name</u>, and (iii) <u>docket entry number</u> of the corresponding motion.

 Failure to comply with the foregoing requirements may result in the relevant motion being denied without prejudice.

 4. Within **45 days** of service upon the defendant(s), counsel will file a Joint Scheduling Report and Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b)(2), with a complete service list containing the name, address, e-mail address, phone number, fax number, and party represented of each counsel.

 5. Counsel for the parties will meet **in person or telephonically** for a scheduling conference at least **21 days** prior to the date the above Joint Proposed Scheduling Order is due. At this conference, the parties **will** accomplish the following: (1) determine the appropriate case management track for the action pursuant to Local Rule 16.1(a)(2); (2) develop a case management plan which sets deadlines in compliance with paragraphs A, B, and C below; and (3) discuss settlement in good faith.

  A. The Joint Scheduling Report will include all information required by the eleven subsections, (A) through (K), of Local Rule 16.1(b)(2). **Unilateral submissions are prohibited**.

  B. As an attachment to the parties' Joint Scheduling Report, and in Compliance with Local Rule 16.1(b)(2), the parties will jointly complete *Attachment A* to this Order. The parties will insert the specific day, month and year for each listed deadline that applies to the parties' case management plan. In completing *Attachment A*, the parties will take into consideration the suggested pretrial deadlines set out in *Attachment B* to this Order. If the parties agree that one or more of the proposed deadlines (such as "expert witness deadlines") are not appropriate for this action, they may strike the language and omit that proposed deadline in *Attachment A*. The parties' proposed dates **will** include: (1)

**at least 17 weeks** between the deadline for all pretrial dispositive motions and the proposed trial date; and (2) **at least five weeks** between the deadline for the pretrial stipulation and the proposed trial date.

        C.    As part of the Joint Scheduling Report, the parties will jointly complete and file with the Court the Magistrate Judge Jurisdiction Election Form appended to this Order as *Attachment C*. The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If the parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the parties will jointly file the election form appended to this Order as *Attachment D*.

        6.    The Parties must jointly select a mediator certified under Local Rule 16.2(b), and schedule a time, date, and place for mediation. In addition, the Parties must jointly file a proposed order scheduling mediation. If the parties cannot agree on a mediator, they will notify the clerk in writing as soon as possible and the Clerk will designate a certified mediator on a blind rotation basis. Counsels for all parties will familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties will complete mediation at least 30 days prior to the calendar call.

        7.    The foregoing information will aid the Court in its management of this case, including the expeditious resolution of any discovery disputes, and help the parties focus on the key issues of the case at an early stage in the proceedings. **Accordingly, failure of the parties to file a joint scheduling report may result in dismissal, default, or the imposition of other sanctions, including attorney's fees and costs**.

**II.**    **EXPEDITED SERVICE**

It is further **ORDERED and ADJUDGED** that, to expedite the processing of the action, Plaintiff will serve the Defendant with a copy of the summons and complaint **within 60 days of the date of this Order**. If Plaintiff is unable to do so, Plaintiff will provide an explanation to the Court as to the reason why Defendant has not been served within the allotted sixty days and will provide a detailed description of the attempts he has made to serve Defendant. Failure to comply with this Order may lead to immediate dismissal of this cause.

### III. REFERRAL OF CASE TO MAGISTRATE JUDGE

This case is **REFERRED** to the Honorable Jonathan Goodman, United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). *Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order.*

The Parties are notified that all subsequent pleadings bearing on matters referred to the Magistrate Judge will be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred and the date of the Order of Reference. Parties must also abide by Magistrate Judge Goodman's Discovery Procedures Order appended as *Attachment F* to this Order.

### IV. NOTICE OF JOINT MOTIONS

The parties are hereby notified that multiple Plaintiffs or Defendants will file joint dispositive motions with co-parties unless there are clear conflicts of positions or grounds for relief.

**DONE and ORDERED** in chambers, Miami, Florida, this 30th day of January 2020.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*

*Attachment* **A**: **Pretrial Deadlines, Pretrial Conference and Trial Date**

_____   Joinder of parties and claims, and amendment of pleadings.
(INSERT DATES)

_____   Parties will furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within <u>ten days</u> of receipt or other notice of new or revised information.

_____   All <u>fact</u> discovery must be completed.

_____   Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Plaintiff will make its experts available for deposition by Defendant.

_____   All dispositive *and* other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. A <u>minimum of 17 weeks</u> is required for the Court to review dispositive motions prior to filing of the joint <u>pretrial stipulation</u>. If <u>no</u> dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.

_____   Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Defendant will make its experts available for deposition by Plaintiff.

_____   All <u>expert</u> discovery must be completed.

_____   All <u>Daubert</u> and <u>Markman</u> motions and accompanying memoranda of law must be filed. *If a <u>Daubert</u> or <u>Markman</u> hearing is necessary, add that as an additional deadline at the bottom of Attachment A*.

_____   Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

_____   (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation will include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists will be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists will identify the witness introducing each exhibit. The parties will meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and

(b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary will contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary will also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties will work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

_____   Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy will be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, with one-sentence synopsis and time needed for direct and cross examination; proposed *voir dire* questions; and deposition designations.

_____   Trial Date.

*Attachment B*: **Suggested Pretrial Deadlines**

| | |
|---|---|
| 31 weeks prior to pretrial stipulation | Joinder of parties and claims, and amendment of pleadings. |
| 21 weeks prior to pretrial stipulation | Parties will furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify. |
| 18 weeks prior to pretrial stipulation | All fact discovery must be completed. |
| 16 weeks prior to pretrial stipulation | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Plaintiff will make its experts available for deposition by Defendant. |
| 17 weeks prior to pretrial stipulation | All dispositive pretrial motions and memoranda of law must be filed. A minimum of 17 weeks is required for the Court to review dispositive motion prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report. |
| 14 weeks prior to pretrial stipulation | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Defendant will make its experts available for deposition by Plaintiff. |
| 12 weeks prior to pretrial stipulation | All expert discovery must be completed. If a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 11 weeks prior to pretrial stipulation | All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed. If a *Daubert* or *Markman* hearing is necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 10 weeks prior to pretrial stipulation | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |
| 5 weeks prior to the Friday before trial period | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation will include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties will meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and<br><br>(b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary will contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary will also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties will work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| Friday before Calendar Call | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy will be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, proposed *voir dire* questions, and deposition designations. |

*Attachment C*: Magistrate Judge Jurisdiction Election Form

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20403-Civ-COOKE/GOODMAN

BLUEPRINT IP SOLUTIONS LLC,

    Plaintiff,

vs.

BANKUNITED, INC.,

    Defendant.

_____/

### ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs    Yes _____    No _____
2. Motions for Attorney's Fees    Yes _____    No _____
3. Motions for Sanctions    Yes _____    No _____

_____    _____
(Date)    (Signature-Plaintiff's Counsel)

_____    _____
(Date)    (Signature-Defendant's Counsel)

*Attachment D*: Magistrate Judge Jurisdiction Election Form

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20403-Civ-COOKE/GOODMAN

BLUEPRINT IP SOLUTIONS LLC,

    Plaintiff,

vs.

BANKUNITED, INC.,

    Defendant.

_____/

### ELECTION TO JURISDICTION BY
### A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, and entry of final judgment with respect thereto.

_____  _____
(Date)                              (Signature-Plaintiff's Counsel)


_____  _____
(Date)                              (Signature-Defendant's Counsel)

*Attachment E*: Exemplar Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20403-Civ-COOKE/GOODMAN

BLUEPRINT IP SOLUTIONS LLC,

    Plaintiff,

vs.

BANKUNITED, INC.,

    Defendant.

_____/

### **TITLE OF ORDER**

THIS MATTER is before the Court on the [Plaintiff/Defendant, insert name(s),] Motion for [insert motion title], [ECF No. (insert docket entry number)], filed [insert date].

The Court, having reviewed the Motion and being fully advised in the premises, hereby **ORDERS and ADJUDGES** as follows:

[Insert text of proposed judgment and order].

**DONE and ORDERED** in Chambers, Miami, Florida, this __day of [insert month] 20__.

 

                                                                                                                  MARCIA G. COOKE
                                                                                                                   UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*

*Attachment F*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20403-Civ-COOKE/GOODMAN

BLUEPRINT IP SOLUTIONS LLC,

    Plaintiff,

vs.

BANKUNITED, INC.,

    Defendant.

_____/

### MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER

The following discovery procedures apply to all civil cases in which discovery is referred to United States Magistrate Judge Jonathan Goodman and where Judge Goodman is presiding over a case with full consent.

### OVERALL STATEMENT

The Court designed these procedures to help the Parties and the Court work **together** to timely resolve discovery disputes without undue delay and unnecessary expense. The procedures are designed to (1) promote the timely internal resolution of discovery disputes by the parties themselves so that they have no need to seek judicial intervention, (2) help the parties obtain timely rulings to the extent they cannot on their own resolve their discovery disputes, (3) streamline the process of resolving discovery disputes by eliminating unnecessary motion practice, and (4) assist the Court by prohibiting the submission of motions and memoranda which are unnecessary, overly long or both.

### MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing a notice of a discovery hearing. In other words, there must be **an actual conversation** before a discovery hearing notice is filed. If counsel refuses to participate in a conversation, then the party seeking to a discovery hearing will so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery

response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery hearing notice.

## **DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS**

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions will be filed unless specifically authorized by the Court.[1] Similarly, the parties may not submit legal memoranda concerning a discovery hearing unless the Undersigned specifically authorizes it. This procedure is intended to minimize the need for discovery motions. The Court will strike any unauthorized discovery motions and memoranda.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The party seeking the discovery hearing will contact Chambers at (305) 523-5720 to place the matter on the next available discovery calendar. That party will be provided with available dates and will then confer with opposing counsel and confirm his or her availability for the discovery calendar. Once opposing counsel has confirmed availability, the party seeking the hearing will contact Chambers again to finalize the hearing date. [**NOTE**: The longer a party waits to contact Chambers to follow through after being provided with available times, the more likely it is that the hearing date will no longer be available. Therefore, the Court encourages parties seeking discovery hearings to follow through on a timely basis and confirm the hearing date.].

On the same day that Chambers confirms that the matter is being placed on the discovery calendar, the party seeking the discovery hearing will provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system. The Notice of Hearing will **briefly** and **succinctly** identify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4-7, and 10" or "The Parties disagree about whether Defendant produced an adequate 30(b)(6) witness on the topics listed in the notice.") Ordinarily, no more than 20 minutes per side will be permitted. **The party scheduling the hearing will include in this Notice of Hearing a certificate of good faith that complies with Southern District of Florida Local Rule 7.1(a)(3).** The Court will strike hearing notices which do not include a sufficient local rule certificate.

The party who scheduled the discovery hearing will provide the Court a copy of all *source* materials relevant to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) on the date that the

---

[1] Nevertheless, if the parties wish to submit an **agreed-upon** discovery order, such as a standard confidentiality-type of protective order, then they will (1) file a Notice of Proposed Stipulated Order with the proposed order attached to the notice and (2) submit a Word-version courtesy copy to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). This Order does not prohibit that submission because there is not a discovery *dispute*; instead, there is an *agreement* about a discovery issue.

Notice of Hearing is filed. (For example, if the dispute concerns interrogatories, then the interrogatories at issue and the responses thereto, will be provided.) Source material is the actual discovery at issue. Source material is **not** memoranda or letters to the Court which are, for all intents and purposes, a mini-brief. The opposing party may submit additional source material to the CM/ECF mailbox, as well.

Neither the Notice of Hearing nor the source materials should be used as a *de facto* strategy to submit a memorandum. For example, sending multi-page, rhetoric-filled letters to the Court or filing argument-riddled notices are **specifically prohibited**. The Court will strike letters, notices, and exhibits which are designed to circumvent the no motion/no memoranda policy.

If one or more of the parties believe in good faith that the discovery dispute is not a routine, garden-variety dispute and needs specialized attention, then the parties may include a to-the-point, no-more-than-one-paragraph explanation in the Notice of Hearing, to flag the specific issues. In addition, the parties may submit a "notice of authorities," which will list only the authorities, but which will not contain argument or be a disguised memorandum. At most, the list of authorities may contain a one-sentence, objective summary of the relevant holding of each case or authority. The Court will strike any non-compliant notice of authorities.

For those discovery disputes which are particularly complex (and there are not many of those) and which a party believes will require briefing, a motion for leave to file a discovery motion or memoranda may be filed. The motion should briefly explain the extraordinary need, but the actual discovery motion or memorandum should not be attached or filed unless the Court grants the motion seeking leave. The Court anticipates that the need for motions and/or memoranda will arise only **rarely**.

The following topics are illustrations of discovery disputes which are usually **not** rare enough to bypass the standard no-motion policy and therefore would not ordinarily justify a motion for leave to file a discovery motion in a specific case absent extraordinary circumstances: (1) whether a party may take more than 10 depositions in the absence of consent; (2) whether a deposition may last more than 7 hours; (3) how a seven-hour deposition is allocated among the parties; (4) whether a 30(b)(6) witness was prepared to provide binding testimony on all the topics listed in the notice; (5) whether a noticed deposition is an "apex" deposition, and, if so, whether it will be permitted; (6) whether a party needs to arrange for a treating doctor to provide an expert witness report or if the party needs to make other written disclosures if the physician is expected to testify about the cause of an injury; (7) squabbles over the location of a deposition; (8) whether an attorney improperly instructed a deponent to not answer certain questions; (9) whether an attorney was improperly coaching a deponent; (10) whether a party or attorney may pay any money to a deponent or trial witness other than a standard witness fee, and, if so, under what circumstances and in what amounts; (11) whether a party may take "early" discovery; (12) whether a party exceeded the number of permissible interrogatories (and how should the sub-parts be counted); (13) whether an interrogatory answer is adequate or whether better answers are required; and (14) whether a party engaged in a strategically unfair "document

dump" which makes it difficult for a party to know which documents are responsive to a request. These are all *routine* discovery disputes which require the submission of only the Notice of Hearing, source material and, at <u>most</u>, an argument-free list of authorities.

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rules of Civil Procedure or Local Rules, except as noted above.

## PRE-HEARING DISCUSSIONS

**The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute.** To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel will also timely **contact Chambers** and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

## EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

## NO BOILERPLATE DISCOVERY OBJECTIONS

### "Vague, Overly Broad and Unduly Burdensome"

Parties will not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection will state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (the ground for objecting to an interrogatory "must be stated with specificity"); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to

voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

### "Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"

An objection that a discovery request is irrelevant or "not reasonably calculated to lead to admissible evidence" is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). The current version defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" -- and then lists several factors to analyze. The Court reminds the parties that the Federal Rules provide that information within this scope of discovery "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); S. D. Fla. L. R. 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

### No Formulaic Objections

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. Moreover, the Federal Rules of Civil Procedure now specifically prohibit that practice (which was deemed inappropriate by many judges and commentators). For example, Federal Rule of Civil Procedure 34(b)(2)(C) now provides that an objection to a request for documents "must state whether any responsive materials are being withheld on the basis of that objection." In addition, it also says that "an objection to part of a request must specify the part and permit inspection of the rest." Therefore, counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been</u> **withheld** <u>on an objection-by-objection basis</u>.

### Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. S. D. Fla. L. R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. Parties must review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege." The Local Rule also requires the preparation of a privilege log except for "communications between a party and its counsel after commencement of the action and work product material created after commencement of the action."

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 30th day of January 2020.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Marcia G. Cooke
All counsel of record