## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BLUEPRINT IP SOLUTIONS, LLC,** | |
| Plaintiff, | CASE NO. 1:20-CV-20403-MGC |
| v. | PATENT CASE |
| **BANKUNITED, INC.,** | JURY TRIAL DEMANDED |
| Defendant. | |

### BANKUNITED, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant BankUnited, Inc. ("BankUnited") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Blueprint IP Solutions LLC's ("Plaintiff" or "Blueprint IP") Complaint for Infringement of Patent ("Complaint"). BankUnited denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### NATURE OF THE ACTION

1. BankUnited admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that Plaintiff purports to seek injunctive relief as well as damages, attorney's fees, and costs. BankUnited further admits that a purported copy of U.S. Patent No. 8,089,980 (the "'980 Patent") is attached to the Complaint as Exhibit A. BankUnited denies it has committed or is committing acts of infringement and on that basis denies any remaining allegations in Paragraph 1 of the Complaint.

## THE PARTIES

2.      BankUnited is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.      BankUnited admits it's a corporation organized under the laws of Delaware, it has a principle place of business at 14817 Oak Lane, Miami Lakes, Florida, and it may be served with process c/o Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.      BankUnited admits it conducts business in the State of Florida. BankUnited denies it has committed or is committing acts of infringement within the State of Florida or in this District and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      BankUnited admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., but BankUnited denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. BankUnited denies any remaining allegations in Paragraph 5 of the Complaint.

6.      BankUnited admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but BankUnited denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. BankUnited denies any remaining allegations in Paragraph 6 of the Complaint.

7.      BankUnited does not contest whether personal jurisdiction over it properly lies in this district in this case, or that it conducts business in the State of Florida. BankUnited denies it

has committed or is committing acts of infringement within the State of Florida or in this District and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

8. BankUnited does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in the State of Florida. BankUnited denies it has committed or is committing acts of infringement within the State of Florida or in this District and, on that basis, denies the remaining allegations of Paragraph 8 of the Complaint.

9. BankUnited does not contest that venue may be proper in this District in this case, but denies that venue is convenient as to BankUnited. BankUnited denies the remaining allegations of Paragraph 9 of the Complaint.

## [ALLEGED] FACTUAL ALLEGATIONS

10. BankUnited admits that the purported copy of the '980 Patent that is attached to the Complaint as Exhibit A indicates that it issued on January 3, 2012, and is entitled "Method For Protection Switching Of Geographically Separate Switching Systems." BankUnited is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. BankUnited is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. BankUnited is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. BankUnited denies that the claims of the '980 Patent constitute inventions or patentable subject matter. BankUnited is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. BankUnited admits that the purported copy of the '980 Patent that is attached to the Complaint as Exhibit A appears to contain sixteen claims, namely three independent claims and thirteen dependent claims. BankUnited denies the remaining allegations of Paragraph 14 of the Complaint.

15. BankUnited admits that the '980 Patent speaks for itself but denies any characterizations inconsistent therewith and, on that basis, denies any remaining allegations in Paragraph 15 of the Complaint.

16. BankUnited denies the allegations in Paragraph 16 of the Complaint.

## [ALLEGED] DEFENDANT'S PRODUCT(S)

17. BankUnited denies it infringes the '980 Patent because it does not use the Hadoop System for protection switching of geographically separate systems arranged in pairs. BankUnited denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 17 of the Complaint.

18. BankUnited incorporates its admissions, averments, and denials in Paragraph 17 above as if set forth fully herein. Further, BankUnited denies it infringes the '980 Patent because it does not use the Hadoop HDFS. BankUnited denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 18 of the Complaint.

19. BankUnited incorporates its admissions, averments, and denials in Paragraphs 17 and 18 above as if set forth fully herein. Further, BankUnited denies it infringes the '980 Patent because it does not use the Hadoop HDFS. BankUnited denies that it has committed or is

committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 19 of the Complaint.

20. BankUnited incorporates its admissions, averments, and denials in Paragraphs 17 and 18 above as if set forth fully herein. Further, BankUnited denies it infringes the '980 Patent because it does not use the Hadoop HDFS. BankUnited denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 20 of the Complaint.

21. BankUnited incorporates its admissions, averments, and denials in Paragraphs 17 and 18 above as if set forth fully herein. Further, BankUnited denies it infringes the '980 Patent because it does not use the Hadoop HDFS. BankUnited denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 21 of the Complaint.

22. BankUnited incorporates its admissions, averments, and denials in Paragraphs 17 and 18 above as if set forth fully herein. Further, BankUnited denies it infringes the '980 Patent because it does not use the Hadoop HDFS. BankUnited denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 22 of the Complaint.

23. BankUnited incorporates its admissions, averments, and denials in Paragraphs 17 and 18 above as if set forth fully herein. Further, BankUnited denies it infringes the '980 Patent because it does not use the Hadoop HDFS. BankUnited denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 23 of the Complaint.

## [ALLEGED] INFRINGEMENT OF THE PATENT-IN-SUIT

24. BankUnited incorporates by reference its responses in Paragraphs 1-23 above as if fully set forth herein.

25. BankUnited denies the allegations in Paragraph 25 of the Complaint.

26. BankUnited denies the allegations in Paragraph 26 of the Complaint.

27. BankUnited denies the allegations in Paragraph 27 of the Complaint.

28. BankUnited denies the allegations in Paragraph 28 of the Complaint.

29. BankUnited denies the allegations in Paragraph 29 of the Complaint.

30. BankUnited denies the allegations in Paragraph 30 of the Complaint.

31. BankUnited denies the allegations in Paragraph 31 of the Complaint.

32. BankUnited denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. BankUnited denies any allegations in Paragraph 32 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

33. BankUnited is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

BankUnited denies that Plaintiff is entitled to any relief from BankUnited and denies all the allegations contained in Paragraphs a-g of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

BankUnited's Affirmative Defenses are listed below. BankUnited reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

BankUnited has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '980 Patent.

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '980 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to any of the '980 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that BankUnited's actions allegedly infringe the '980 Patent, BankUnited is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '980 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that BankUnited indirectly infringes, either by contributory infringement or inducement of infringement, BankUnited is not liable to Plaintiff for the acts alleged to have been performed before BankUnited knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '980 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by BankUnited.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that BankUnited makes, uses, or sells each claimed element of any asserted claim, or that BankUnited directs or controls another entity to make, use, or sell any element that is not made, used, or sold by BankUnited.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '980 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method employed by BankUnited: (1) provides a pair of switching systems which are geographically separate and which supply a dedicated redundancy to each other, one of the pair of switching systems is in an active operating state and the other is in a hot-standby operating state; (2) controls the communication between the each of the pair switching system and a monitoring unit in accordance with the an operating state of the respective switching system; (3) when a loss of the communication to the switching system in the active operating state occurs: activates, by the monitoring unit, the switching system in the hot-standby operating state to be in the active operating state, and deactivates, by the monitoring unit, the switching system with the communication loss to be in the

hot-standby operating state, wherein when in the hot-standby operating state, the respective switching system is not active in terms of switching functions; and further features: periodically sends an IP lease request to the monitoring unit by a packet-based interface of the switching system in the hot-standby operating state, the packet-based interface is in an inactive state.

## BANKUNITED'S COUNTERCLAIMS

For its counterclaims against Plaintiff Blueprint IP Solutions LLC's ("Blueprint IP"), Counterclaim Plaintiff BankUnited, Inc. ("BankUnited") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff BankUnited is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 14817 Oak Lane, Miami Lakes, Florida.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Blueprint IP is a Texas limited liability company with its principal place of business at 6009 West Parker Road, Suite 149-1009, Plano, TX 75093.

## JURISDICTION

3. BankUnited incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Blueprint IP has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Blueprint IP's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**
**DECLARATION REGARDING NON-INFRINGEMENT**

7. BankUnited incorporates by reference Paragraphs 1–6 above.

8. Based on Blueprint IP's filing of this action and at least BankUnited's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BankUnited infringes U.S. Patent No. 8,089,980 (the "'980 Patent").

9. BankUnited does not infringe at least Claim 1 of the '980 Patent because, among other things, BankUnited does not employ any method that: (1) provides a pair of switching systems which are geographically separate and which supply a dedicated redundancy to each other, one of the pair of switching systems is in an active operating state and the other is in a hot-standby operating state; (2) controls the communication between the each of the pair switching system and a monitoring unit in accordance with the an operating state of the respective switching system; (3) when a loss of the communication to the switching system in the active operating state occurs: activates, by the monitoring unit, the switching system in the hot-standby operating state to be in the active operating state, and deactivates, by the monitoring unit, the switching system with the communication loss to be in the hot-standby operating state, wherein when in the hot-standby operating state, the respective switching system is not active in terms of switching functions; and further features: periodically sends an IP lease request to the monitoring unit by a packet-based interface of the switching system in the hot-standby operating state, the packet-based interface is in an inactive state.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., BankUnited requests a declaration by the Court that BankUnited has not infringed and does not infringe any claim of the '980 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.     BankUnited incorporates by reference Paragraphs 1–10 above.

12.     Based on Blueprint IP's filing of this action and at least BankUnited's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '980 Patent.

13.     The asserted claims of the '980 Patent are anticipated and/or rendered obvious by, *inter alia*, Hot Standby Router Protocol (HSRP) is a CISCO; Virtual Router Redundancy Protocol (VRRP); RFC 2281; U.S. Patent No. 5,473,599; U.S. Patent No. 5,016,244; U.S. Patent No. 5,018,133; and/or U.S. Patent No. 5,218,600.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., BankUnited requests a declaration by the Court claims of the '980 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, BankUnited asks this Court to enter judgment in BankUnited's favor and against Blueprint IP by granting the following relief:

a)      a declaration that the '980 Patent is invalid;

b)      a declaration that BankUnited does not infringe, under any theory, any valid claim of the '980 Patent that may be enforceable;

c)      a declaration that the '980 Patent is unenforceable;

d)      a declaration the Blueprint IP take nothing by its Complaint;

e)      judgment against Blueprint IP and in favor of BankUnited;

    f)    dismissal of the Complaint with prejudice;

    g)    a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to BankUnited of its costs and attorneys' fees incurred in this action; and

    h)    further relief as the Court may deem just and proper.

## JURY DEMAND

BankUnited hereby demands trial by jury on all issues.

Dated: March 6, 2020.

Respectfully submitted,

By: */s/ Eleanor T. Barnett*
Eleanor T. Barnett, Esq.
Florida Bar No. 0355630
WALDMAN BARNETT, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Tel: (305) 371-8809
ebarnett@waldmanbarnett.com
litservice@waldmanbarnett.com

Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com
Rodeen Talebi
Texas Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile
*Pro Hac Vice Application Forthcoming*
**COUNSEL FOR DEFENDANT BANKUNITED, INC.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy has been electronically filed using the CM/ECF filing system on March 6, 2020, which automatically send email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system.

>/s/ Eleanor T. Barnett         .
>Eleanor T. Barnett, Esq.